Kern, J., dissenting: I respectfully dissent from the conclusion of the majority because I am unable to distinguish this case in principle from Louis Stockstrom, 3 T. C. 255; affd., 148 Fed. (2d) 491; certiorari denied, 326 U. S. 719. In that case we held that the income of certain trusts was taxable to the settlor-trustee who held “extraordinarily broad administrative powers over the trust corpus” plus the power to pay immediately to the beneficiaries the trust income or to accumulate the income during their lives, in his absolute discretion. In the instant case the administrative powers of the settlor-trustee were even more “extraordinarily broad” than those held by the settlor-trustee in the Stockstrom case. The settlor-trustee here also has the power in his absolute discretion to either pay immediately the trust income to or for the use of the beneficiaries, or to accumulate it. The trusts, and, consequently, this latter power, cease when the beneficiaries respectively attain the age of 25, and in this respect the instant case differs from the Stockstrom case. However, in my opinion this difference is immaterial. In this case, as in that case, I would conclude that when the “power of the settlor-trustee over the distribution of the trust income is combined with extraordinarily broad administrative powers over the trust corpus, we can not escape the conclusion that the doctrine of Helvering v. Clifford is applicable and the incomes of the trust are taxable to the settlor.” Arnold, J., agrees with this dissent.